# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### WHEELING DIVISION

ELECTRONICALLY
FILED
May 19 2026
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| ASSURE AMERICA CORPORATION, )<br><br>                    Plaintiff, )<br><br>vs. )<br><br>ASSURE AMERICA TITLE COMPANY )<br><br>                    Defendant. )<br>)<br>) | Civil Action No. **5:26-cv-107 (Bailey)**<br><br>Jury Demanded<br><br>**Complaint** |

## COMPLAINT

Plaintiff Assure America Corporation ("Assure America" or "Plaintiff") brings this Complaint for trademark infringement, false designation of origin, false advertising, and unfair competition against Assure America Title Company ("AATC" or "Defendant") arising out of its unauthorized use of Plaintiff's trademark, and hereby alleges as follows:

### PARTIES

1.     Assure America is a corporation organized under the laws of the State of West Virginia with a principal place of business at 3546 Pennsylvania Avenue, Weirton, West Virginia 26062.

2.     On information and belief, AATC is a corporation organized under the laws of Florida with a principal place of business at 595 S. Federal Highway, Suite 110, Boca Raton, Florida 33432.

### JURISDICTION AND VENUE

3.     This is an action for injunctive and monetary relief arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for violations of West Virginia statutory and common law. The State

law claims in this action arise out of the same operative facts as the substantive federal claim to which they are joined.

4.      This Court has subject matter jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this case arises under the Lanham Act, 15 U.S.C. § 1051 *et. seq.* This Court has supplemental jurisdiction over all state law in the civil action pursuant to 28 U.S.C. § 1367 because the state claims are so related to claims over which this court has original jurisdiction that the state law claims form part of the same case or controversy under Article III of the United States Constitution.

5.      This Court has personal jurisdiction over AATC because, on information and belief, it does business in the State of West Virginia with persons who reside in this State. Defendant uses the ASSURE AMERICA mark on their website in connection with the advertising and offering of their services. Defendant's website is interactive and is used to solicit business from customers, including out-of-state customers. On information and belief, Defendant have used the website and the ASSURE AMERICA mark to solicit and obtain business from customers outside the State of Florida, including residents of West Virginia, and have engaged in or intended to engage in transactions with such customers under the mark.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c)(2) because AATC is subject to personal jurisdiction in this District with respect to the claims asserted in this action and is therefore deemed to reside here for venue purposes.

## PLAINTIFF AND ITS RIGHTS

7.      Assure America traces its roots to the J.S. Tairiol Company, which was founded in Weirton, West Virginia in 1920 by Joseph S. Tairiol. J.S. Tairiol Company provided insurance services throughout the northern panhandle of West Virginia for decades prior to its

transition to Assure America. This entity was incorporated as Insurance America Corporation d/b/a J.S. Tairiol Company.

8. In 1990, Joseph S. Tairiol's grandson, Matthew Magnone, assumed leadership of the company, and expanded its operations throughout West Virginia, as well as in Pennsylvania and Ohio.

9. In 1994, Insurance America Corporation d/b/a J.S. Tairiol Company was renamed Assure America Corporation, retaining its principle place of business in Weirton, West Virginia. Assure America commenced the provision of its insurance services under the service mark "Assure America" in interstate commerce in 1994, and has continuously operated under the "Assure America" service mark from 1994 to the present.

10. Assure America is an independent insurance agency that provides a variety of insurance products, including auto, home, life, health, disability, and business. Assure America provides insurance products to both individuals and businesses.

11. Assure America engages in extensive advertising by means of its website, www.assurreamerica.com, social media platforms, digital advertisements, billboards and banners, blogs and direct mailings. Through these efforts, Assure America advertises its services to hundreds of thousands of individual potential customers on a regular basis.

12. Assure America prides itself on its sterling reputation, which has been earned through decades of providing insurance products that are tailored to the needs of its customers at the lowest possible cost.

13. All of the insurance products and related services of Assure America are advertised, promoted, and sold using the "Assure America" service mark. Assure America considers its "Assure America" service mark to be its most valuable asset. This mark enjoys strong secondary

3

meaning in the relevant marketplace.

14.    Assure America is committed to the local community. supporting many local businesses and charitable organizations. While Assure America undertakes these actions as a responsible corporate citizen, such actions also enhance Assure America's name recognition and reputation.

15.    Assure America has offices in West Virginia, Pennsylvania, Ohio, and Kentucky, and is licensed to provide insurance services in eight additional States.

16.    Since at least as early as January 1, 1994, Assure America has used continuously in commerce marks consisting in whole or in part of the term ASSURE AMERICA (the "ASSURE AMERICA Marks") throughout the United States to identify and distinguish in interstate commerce Plaintiff's Services.

17.    The ASSURE AMERICA Marks are the subject of the following U.S. trademark registrations ("the Registrations") on the United States Patent and Trademark Office's ("USPTO") Principal Register:

| Mark | Reg. No. | Filing Date | Services |
|---|---|---|---|
| ASSURE AMERICA | 2847189 | March 7, 2002 | Class 36: Insurance agency services; underwriting services for property, casualty, life, health and disability insurance; and providing information in the field of insurance via a web site |
| **ASSURE** *america* | 1924077 | October 19, 1994 | Class 36: insurance agency and underwriting services for property, casualty, life and health insurance |

18.    The Registrations are valid and subsisting, are now incontestable, and provide nationwide constructive notice of Plaintiff's ownership of the ASSURE AMERICA Marks, pursuant to 15 U.S.C. § 1072.

4

19.     As proof of status and title, attached as hereto and incorporated by reference herein are true and correct printouts of the records for the foregoing registrations from the U.S. Patent and Trademark Office's online databases.

20.     Assure America has spent millions in marketing its insurance services offered under the ASSURE AMERICA Marks.  Assure America has promoted its insurance services under the ASSURE AMERICA Marks to residents throughout the United States via, among other things, its website at assureamerica.com, digital advertising, and marketing on the websites of national insurance carriers.  It anticipates expanding its marketing budget and efforts in the near future.

21.     Assure America has expended considerable funds and effort in promoting and advertising its insurance services identified by the ASSURE AMERICA Marks, and these services have enjoyed enormous commercial success and been the subject of substantial, unsolicited media attention.  Assure America also has received numerous industry awards over the years.   In addition, Assure America has enforced its rights in the ASSURE AMERICA Marks, including in two trademark infringement lawsuits filed in this dsitrict and in an opposition before the USPTO's Trademark Trial and Appeal Board.  As a result of all of the foreging, Plaintiff has established an enviable reputation, acquired substantial goodwill, and attained distinctiveness and fame in the ASSURE AMERICA Marks throughout the United States.

22.     Each of the ASSURE AMERICA Marks identifies and distinguishes Assure America as the source for Plaintiff's Services and related services.

### DEFENDANT' ACTS

23.     On information and belief, in or about 2009, AATC began offering title insurance and related title services ("Defendant's Services") under the name and mark ASSURE AMERICA TITLE COMPANY.

24.    AATC's use of the name and mark ASSURE AMERICA TITLE COMPANY has caused irreparable harm to Assure America by creating a likelihood of confusion as to the source, sponsorship and/or approval of the Defendant's Services, and through the depreciation of Assure America's valuable goodwill and reputation symbolized by the distinctive ASSURE AMERICA Marks.  AATC's unlawful acts, unless restrained, are likely to continue causing such irreparable harm to Assure America, and Assure America has no adequate remedy at law for this injury.

25.    In a letter dated March 31, 2026, counsel for Assure America notified AATC of Assure America's trademark infringement, unfair competition and advertising-related claims.  A copy of the letter is attached as Exhibit A.

26.    Defendant has used the name and mark ASSURE AMERICA TITLE COMPANY in such a way as to emphasize the ASSURE AMERICA component while minimizing the wording TITLE COMPANY to such an extent that it is barely visible.  This increases the likelihood of consumer confusion.  Examples of such uses, taken from AATC's Instagram account, are attached as Exhibit B.

27.    On information and belief, despite notice of Assure America's claims, Defendant has continued operating under the ASSURE AMERICA TITLE COMPANY name and mark.

**COUNT I**

**<u>FEDERAL TRADEMARK INFRINGEMENT</u>**
**<u>15 U.S.C. §1114</u>**

28.    Assure America repeats and realleges paragraphs 1 through 27 as if set forth herein.

29.    Assure America owns valid and subsisting federal trademark registrations for the ASSURE AMERICA mark. Without the consent of Assure America, Defendant has used the ASSURE AMERICA TITLE COMPANY name and mark, and confusingly similar variations

thereof, in commerce in connection with the advertising, offering for sale, and sale of title insurance and related services. Defendant's use of the ASSURE AMERICA TITLE COMPANY name and mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, sponsorship, or approval of Defendant' services with or by Assure America, and constitutes trademark infringement in violation of 15 U.S.C. § 1114.

30.     By reason of the foregoing acts, Assure America has been damaged and, unless enjoined, will continue to suffer irreparable harm, and is entitled to the remedies provided under 15 U.S.C. §§ 1116 through 1118 and other applicable law.

## COUNT II

### FEDERAL FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. §1125(a)

31.     Assure America repeats and realleges paragraphs 1 through 27 as if set forth herein.

32.     Defendant has used the ASSURE AMERICA TITLE COMPANY name and mark, and confusingly similar variations thereof, in commerce in connection with the advertising, promotion, offering for sale, and sale of title insurance and related services. Defendant's use of the ASSURE AMERICA TITLE COMPANY name and mark is likely to cause confusion, mistake, or deception among consumers and the trade as to the affiliation, connection, or association of Defendant with Assure America, or as to the sponsorship, approval, or origin of Defendant's Services.

33.     By reason of the foregoing acts, Defendant has engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a). Assure America has been damaged and, unless enjoined, will continue to suffer irreparable harm, and is entitled to the remedies provided under 15 U.S.C. §§ 1116 through 1118 and other applicable law.

## COUNT III

## FEDERAL FALSE ADVERTISING
## 15 U.S.C. §1125(A)

34.    Assure America re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

35.    Defendant sells Defendant's Services in interstate commerce and is engaged in advertising in connection with the marketing of Defendant' Services.

36.    Defendant's claims made in its advertising for Defendant's Services under the name and mark ASSURE AMERICA TITLE COMPANY are false and misleading in that they make false connection to Assure America and its ASSURE AMERICA Marks.

37.    Defendant's claims are likely to deceive or confuse a substantial segment of the buying public.

38.    The deceptive conduct of Defendant is and has been willful and deliberate, and has injured and continues to injure Assure America and consumers, and violates Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

39.    Assure America has been and continues to be damaged by the false advertising of the Defendant through the lessening of the goodwill that Assure America enjoys with respect to its ASSURE AMERICA Marks among the relevant segment of the public.

40.    Assure America has no adequate remedy at law to redress these injuries.

## COUNT IV

## FEDERAL TRADEMARK DILUTION

41.    Assure America re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

42.    This Count is for dilution of the distinctive quality of a mark and injury to business reputation pursuant to 15 U.S.C. § 1125(c).

43.    Through Defendant's use and advertisement of the words ASSURE AMERICA TITLE COMPANY there exists a likelihood of injury to Assure America's business reputation and a likelihood of dilution of the distinctive quality of Assure America's famous and registered ASSURE AMERICA Marks in violation of 15 U.S.C. § 1125(c).

## COUNT V

## WEST VIRGINIA COMMON LAW TRADEMARK INFRINGEMENT

44.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

45.    Assure America has used the ASSURE AMERICA Marks and name in commerce for many years in connection with its insurance and related services and, through such longstanding use, advertising, promotion, and the goodwill associated therewith, has acquired valuable and enforceable common law rights in the ASSURE AMERICA Marks and name in West Virginia and elsewhere.

46.    Defendant has used the ASSURE AMERICA TITLE COMPANY name and mark, and confusingly similar variations thereof, in commerce and in connection with the advertising, promotion, offering for sale, and sale of title insurance and related services, without the consent or authorization of Assure America.

47.    Defendant's use of the ASSURE AMERICA TITLE COMPANY name and mark is likely to cause confusion, mistake, or deception among consumers, customers, prospective customers, and the trade as to the affiliation, connection, or association of Defendant with Assure America, or as to the sponsorship, approval, or origin of Defendant's services.

9

48. By reason of the foregoing acts, Defendant has infringed Assure America's common law trademark rights under the laws of West Virginia. Assure America has suffered damages and loss of goodwill and, unless enjoined, will continue to suffer irreparable harm.

49. Assure America is therefore entitled to preliminary and permanent injunctive relief, damages, costs, and such other relief as the Court deems just and proper.

## COUNT VI

## WEST VIRGINIA TRADEMARK DILUTION

50. Assure America re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

51. This Count is for dilution of the distinctive quality of a mark and injury to business reputation pursuant to W. Va. Code § 47-2-13.

52. Through Defendant's use and advertisement of the words ASSURE AMERICA TITLE COMPANY there exists a likelihood of injury to Assure America's business reputation and a likelihood of dilution of the distinctive quality of Assure America's famous ASSURE AMERICA Marks as common law trademarks in violation of W. Va. Code § 47-2-13.

## COUNT VII

## WEST VIRGINIA COMMON LAW UNFAIR COMPETITON

53. Assure America re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

54. This Count arises under the West Virginia common law of unfair competition.

55. Defendant's activities as set forth hereinabove constitute unfair competition, deceptive advertising and unfair trade practices, in violation of the West Virginia common law of unfair competition causing Plaintiff damages and loss of profits.

10

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1.      An order adjudging that:

A.      Each of the ASSURE AMERICA Marks is valid, enforceable and the exclusive property of Assure America; and that Defendant has infringed the ASSURE AMERICA Marks and competed unfairly with Assure America, and that such infringement and unfair competition have been willful; and

B.      Defendant violated Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c).

2.      That AATC, and each of its officers, agents, servants, employees, successors and assigns, and all persons in active concert or participation with them, be enjoined, preliminarily and permanently, from:

A.      Using in any manner ASSURE AMERICA TITLE COMPANY as a mark or name, and any other mark or name which so resembles one or more of the ASSURE AMERICA Marks as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product or service which is not authorized by Assure America;

B.      Using any false or misleading designation of origin which tends to pass off Defendant's Services as those of Assure America;

C.      Any conduct that otherwise infringes one or more of the ASSURE AMERICA Marks or competes unfairly with Assure America; and

D.      Engaging in false or deceptive advertising in comparing Defendant's Services with any product or service offered by Assure America under the ASSURE AMERICA Marks.

11

3.      An order directing Defendant to deliver to Assure America, for destruction or other disposition, any and all signage, marketing materials or any other printed matter in their possession or control bearing ASSURE AMERICA as all or part of a mark or name, or any other mark or name which so resembles one or more of the ASSURE AMERICA Marks as to be likely to cause confusion, mistake or deception.

4.      An Order permanently enjoining Defendant from making any of the advertising claims challenged as false or misleading in this Complaint in its website, commercials, advertisements, and other promotional materials.

5.      An Order requiring Defendant to disseminate corrective advertising to correct the false and misleading impressions created among consumers by the false or misleading claims complained of herein.

6.      That Defendant, within 30 days after service of judgment, be required to file with the Court, and serve upon Assure America, a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs 2 through 5 above.

7.      An Order directing an accounting of all profits and other gains received by Defendant from the use of the ASSURE AMERICA TITLE COMPANY name and mark in connection with its acts of infringement and unfair competition and from its false or misleading advertising, with damages awarded to Assure America to the fullest extent allowed by law

8.      That this Court order Defendant to pay treble damages and/or profits in view of their infringement, unfair competition and false or misleading advertising.

9.      That Defendant pay all costs, disbursements and attorney's fees incurred in this matter.

12

10. That Plaintiff be awarded interest, including prejudgment interest, for any monetary award of damages.

11. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Assure America demands trial by jury in this action of all issues so triable.

May ___, 2026

Respectfully submitted,

By: Michael Edward Nogay, Esq. (WV ID No. 2744)
**NOGAY LAW**
3125 Pennsylvania Avenue
Weirton, WV 26062
304.723.1400
304.723.3252 (fax)
Mike@NogayLaw.com

Scott J. Major, Esq. (not yet admitted *pro hac vice*)
Brian M. Koide, Esq. (not yet admitted *pro hac vice*)
**Millen White Zelano & Branigan PC**
2200 Clarendon Blvd., Suite 1400
Arlington, VA 22201
Telephone 703-243-6333
Facsimile  703-243-6410
major@mwzb.com;
bkoide@mwzb.com